IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>LATEASHA LINTHICUM,<br><br>*Defendant.* | Case No. 16-10024-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Lateasha Linthicum's letter to the Court which the Court construes as a Motion to Reduce Sentence (Doc. 109). She contends that she is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On February 9, 2017, Defendant pleaded guilty to conspiracy to commit theft and receipt of stolen mail, in violation of 18 U.S.C. § 371. On April 26, 2017, the Court sentenced Defendant to 34 months' imprisonment. After several supervised release violations in 2021, 2022, and 2023, Defendant was sentenced to 18 months' imprisonment on July 14, 2023. On February 15, Defendant submitted a letter to the Court requesting a reduction in sentence.

Defendant states that her sentence should be reduced because she is eligible for a two-point reduction under Part A of Amendment 821 of the revised sentencing guidelines. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file her own motion for a sentence reduction provided certain factors are met.[1] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[3] Part A of Amendment 821 limits the impact criminal history points, or "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4] Relevant to the facts in this case, Part A of Amendment 821 limits the impact of "status points" if the instant offense was committed while under a criminal justice sentence.[5]

In this case, Defendant's Presentence Investigation Report indicates that she has 16 criminal history points. In addition, two additional points were added because she committed the instant offense while under a criminal justice sentence. Thus, her total criminal history points are

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited April 9, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[5] U.S.S.G. § 4A1.1.

18. Under the revised guidelines, Defendant would only receive one additional point for committing the offense while under a criminal justice sentence which would result in a total criminal history of 17.[6] Either a criminal history score of 18 or 17 places Defendant in criminal history category VI. Thus, the reduction of one point would not change Defendant's sentence. Accordingly, Defendant's motion to reduce her sentence is without merit, and the Court dismisses Defendant's motion.[7]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 109) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 11th day of April, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *See* U.S.S.G. § 4A1.1(e) (stating that a defendant will receive an additional one point if the defendant "committed the instant offense while under any criminal justice sentence" and received seven or more points in the previous subsections).

[7] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).